UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 02-10336-RWZ

UNITED STATES

v.

DOMINGO CEPEDA

ORDER
September 16, 2009

ZOBEL, D.J.

On August 1, 2002, defendant Domingo Cepeda was charged in a multi-defendant indictment. Pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), he pled guilty to a superseding indictment in which he was charged with one count of conspiracy to distribute, and possession with intent to distribute, heroin, cocaine, crack cocaine, and MDMA (ecstacy), in violation of 21 U.S.C. § 846. The parties agreed that defendant was subject to a mandatory minimum sentence of 120 months, and a sentence of 151-188 months was appropriate. In accordance with the parties' agreement, I sentenced Cepeda to 151 months' imprisonment.

After defendant was sentenced, on November 1, 2007, the United States Sentencing Commission determined that the 100:1 crack-cocaine disparity (which resulted in offenses involving 100 grams of powder cocaine being punished as severely as those involving 1 gram of crack cocaine) was unjustified and amended the sentencing guidelines to reduce the sentencing guideline range by 2 offense levels in

cases involving crack.  See U.S.S.G. Supp. to App. C, amend. 706 (2008) (amending U.S.S.G. § 2D1.1).  This amendment was thereafter made retroactive effective March 3, 2008.  Id. amend. 713.

Now pending is defendant's motion for a reduction of his sentence in light of this retroactive amendment to the guidelines.  (Docket # 410.)

By statute, a defendant is eligible for a reduction in sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."  18 U.S.C. § 3582(c)(2) (emphasis added).  See also U.S.S.G. § 1B1.10.[1]

Cepeda seeks a 2-point reduction in his base offense level on the ground that his sentence was "based on" the sentencing guideline range.  The reduction would result in a total offense level of 31 which, with criminal history category II, would yield a sentencing guideline range of 121-151 months.

Cepeda's sentence was imposed pursuant to a binding plea agreement, i.e. a negotiated contract.  Defendant agreed to plead guilty; the government agreed to a 3-point reduction in offense level for acceptance of responsibility.  In addition, the government expressly agreed to withdraw its previously filed notice of prior conviction pursuant to 21 U.S.C. § 851, which would have resulted in doubling the applicable mandatory minimum from 10 to 20 years.  (See Plea Agreement executed February 14,

---

[1] Section 1B1.10 specifically lists the new crack cocaine amendments (706, as amended by 711 and 715) as amendments which may be retroactively applied.  See U.S.S.G. § 1B1.10(c).

2005, at p. 3 (Docket # 361).)   Had the government not so agreed, the applicable sentencing guideline would have been irrelevant, as defendant would have faced a mandatory minimum sentence of 20 years.  Although the judgment reflects that the court, in its statement of reasons, noted that "the low end of the [guideline] range is adequate" (Docket # 378), and the sentencing range agreed to in the plea agreement was the applicable sentencing guideline range, it is clear that the sentence was based on the negotiated, binding plea agreement.  See United States v. Scurlark, 560 F.3d 839, 841 (8th Cir. 2009) (affirming district court's denial of defendant's motion for reduction of sentence on the ground that sentence was imposed pursuant to a binding plea agreement).  Accord United States v. Madden, No. CR05-213RSL, 2008 WL 4933982, *1 (W.D. Wash. Nov. 17, 2008), and United States v. Hines, No. 3:02-CR-141, 2008 WL 2169516, *2 (E.D. Tenn. May 22, 2008).  Put another way, without the plea agreement, defendant would have been sentenced to the statutory mandatory minimum – 20 years' imprisonment.

   Accordingly, defendant is not entitled to a reduction of sentence.[2]

   For the reasons discussed above, defendant's Amended Motion to Reduce Sentence (Docket # 410) and related motions (Docket ## 397 and 402) are DENIED.

   September 16, 2009                             /s/Rya W. Zobel

---

[2] Even if defendant were entitled to a reduction of sentence, the sentence initially imposed – 151 months – is within the applicable guideline range after the 2-level reduction in base offense level.

DATE                                                                RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE